**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KE'ANDRA S. FLEMMINGS,  JURY TRIAL DEMANDED
an individual,

      Plaintiff,

                                    CASE NO.

vs.

GREENWAY AUTOMOTIVE, INC., a
Florida for Profit Corporation,

      Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KE'ANDRA S. FLEMMINGS ("Plaintiff" or "Flemmings"), through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, GREENWAY AUTOMOTIVE, INC., a Florida for profit Corporation ("Defendant" or "Greenway"), and states as follows:

## NATURE OF THE ACTION

1. Title VII of the Civil Rights of 1964 ("Title VII") forbids a covered employer to "discriminate against any individual with respect to... terms, conditions, or privileges of employment, because of such individual's race, color... sex..." 42 U.S.C. § 2000e-2(a)(1). The Pregnancy Discrimination Act of 1978 (the "PDA"), amended Title VII to specifically prohibit sex discrimination on the basis of pregnancy. The definition of "because of sex" or "on the basis of sex" was amended to state: (1) because of or on the basis of pregnancy, childbirth, or related medical conditions; and (2) women affected by pregnancy, childbirth, or related medical conditions "shall be treated the same for all employment-related purposes. . .  as other persons

not so affected but similar in their ability or inability to work. . . ." 42 U.S.C. 2000e(k)(defining "because of sex" or "on account of sex"). As such, it is unlawful to discriminate against an employee because of or on the basis of her race, color, pregnancy or pregnancy related medical condition, as well as to deny her reasonable accommodations related to her pregnancy related medical conditions. *See generally, Young v. United Parcel Serv., Inc.,* 135 S. Ct. 1338, 191 L. Ed.2d 279 (2015) (establishing framework from which to determine pregnancy related failure to accommodate claims).

2. Additionally, as noted by the Supreme Court in *Young*:

> "[s]tatutory changes made after the time of Young's pregnancy may limit the future significance of our interpretation of the Act. In 2008, Congress expanded the definition of 'disability' under the ADA to make clear that 'physical or mental impairment[s] that substantially limi[t]' an individual's ability to lift, stand, or bend are ADA-covered disabilities. ADA Amendments Act of 2008, 122 Stat. 3555, codified at 42 U.S.C. §§ 12102(1)-(2). As interpreted by the EEOC, the new statutory definition requires employers to accommodate employees whose temporary lifting restrictions originate off the job. See 29 CFR pt. 1630, App., § 1630.2(j)(1)(ix). We express no view on these statutory and regulatory changes.

135 S. Ct. at 1348.

3. During Ms. Flemmings' employment with Defendant, she became pregnant. Ms. Flemmings also suffered from a pregnancy related medical condition that would also qualify as a pregnancy related disability under the ADA and PDA. Ms. Flemmings requested two reasonable accommodations, including the use of a parking space closer to the entrance of the building and a temporary schedule change to a later start time, due to Ms. Flemmings' morning sickness. Ms. Flemmings provided a doctor's note in connection with her requested accommodations, yet both of her requests were denied. Ms. Flemmings' supervisors discriminated, harassed and terminated Ms. Flemmings because of her race, color, pregnancy and/or pregnancy related

2

medical condition, and she was further discriminated against and retaliated against for having requested a reasonable accommodation related to her pregnancy related medical condition. On August 14, 2015, Ms. Flemmings was wrongfully terminated in violation of Title VII and the ADA.

4. Ms. Flemmings seeks: (i) back pay and front pay (where reinstatement is not feasible); (ii) compensatory damages in whatever amount she is found to be entitled; (iii) an award of interest, costs and reasonable attorney's fees and expert witness fees; (iv) punitive damages; (v) equitable relief; (vi) declaratory relief; (vii) pre-judgment and post-judgment interest (where allowable); and (viii) a jury trial on all issues so triable.

## JURISDICTION & VENUE

5. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 1337, Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and Title I of the Americans with Disabilities Act, as amended ("ADA"). *See* 42 U.S.C. § 2000e *et. seq.;* 42 U.S.C. § 12101 *et.seq.*; and 42 U.S.C. § 1981a.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in Orange County, Florida, which is located within the Orlando Division of the Middle District of Florida.

## SATISFACTION OF CONDITIONS PRECEDENT

7. Plaintiff has exhausted her administrative remedies by filing a charge of discrimination and retaliation with the Equal Employment Opportunity Commission.

8. The EEOC issued plaintiff a Dismissal and Notice of Right to Sue against Defendant with regard to this matter. A copy of the Right to Sue letter is attached as **Exhibit A**.

9. Plaintiff files her complaint within the applicable statute of limitations.

10. All conditions precedent to this action have been satisfied and/or waived.

## PARTIES

11. At all times material hereto, Plaintiff was a resident of Orange County, Florida.

12. At all times material to this action, GREENWAY, was, and continues to be, a Florida for profit corporation engaged in business in Florida, doing business in Orange County, Florida, and has continuously had at least 15 employees. Defendant can be served with process upon its registered agent Corporation Company of Orlando, at 300 South Orange Avenue, Suite 1600, Orlando, FL 32801.

13. At all times material to this action Greenway was an automobile dealership group with its headquarters located at 9001 East Colonial Drive, Orlando, Florida 32817.

14. Plaintiff is a black female.

15. At all times material to this action, Plaintiff was pregnant and suffered from a pregnancy related medical condition.

16. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, by virtue of her sex, gender, race, color, pregnancy and pregnancy related medical condition.

17. At all relevant times, Greenway has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h), as well as within the meaning of the ADA, 42 U.S.C. § 12111(5).

18. At all times material hereto, Greenway was Plaintiff's employer within the meaning of Title VII and the ADA.

19. At all times material hereto, Plaintiff was an individual, and an employee of Greenway within the meaning of Title VII.

20. At all times material hereto, Plaintiff had a disability as defined by 42 U.S.C. §§ 12102(1) and (2) related to her pregnancy, and/or was regarded as having a disability under 12102(3). Specifically, Plaintiff suffered from pregnancy related edema of her legs and morning sickness, which causes nausea and vomiting; despite its name, morning sickness can strike at any time of the day or night. Morning sickness usually occurs during the first trimester, but some women suffer from morning sickness throughout their pregnancy. Plaintiff made these conditions known to Defendant and requested an accommodation to be able to park closer to the building she worked in and a temporary adjustment to the start of her shift.

21. At all times material hereto, Plaintiff is a "qualified individual" under the ADA since she can perform the primary duties of her job with or without an accommodation. See 42 U.S.C. § 12111(8).

22. Plaintiff is protected by the provisions of the ADA and Title VII.

## GENERAL ALLEGATIONS

23. At all times relevant to this action, Greenway failed to comply with 42 U.S.C. 2000e, *et. seq.*, because they intentionally discriminated against Plaintiff based upon her sex, gender, race and color by terminating her after learning of her pregnancy and after requesting an accommodation on account of her pregnancy related medical condition.

24. At all times relevant to this action, Greenway failed to comply with 42 U.S.C. § 12101 *et. seq.*, because Plaintiff disclosed the nature and extent of her pregnancy related disabilities, and as a result, Greenway discriminated and retaliated against Plaintiff because of her real or perceived disabilities by terminating her while she was pregnant and after she had requested a reasonably necessary medical accommodation.

25. In January 2012, Ms. Flemmings, was hired to work as a call agent in Greenway's Business Development Center ("BDC"). Ms. Flemmings' position required her to take incoming customer calls relating to the service department and schedule appointments when appropriate.

26. In mid April 2015 the Plaintiff informed her supervisor Daniel Colon that she was pregnant and experiencing pregnancy related morning sickness.

27. In June 2015 Mr. Colon left the company and was replaced by assistant manager Michelle Zuzow.

28. Ms. Zuzow began harassing and discriminating against Ms. Flemmings. Ms. Zuzow would closely scrutinize and criticize most of Plaintiff's calls. Ms. Zuzow prohibited Plaintiff from taking calls from seven (7) dealerships, which resulted in a significant reduction in her income.

29. In early July 2015 the Plaintiff sent an email to Ms. Zuzow requesting a medically necessary accommodation, a parking space closer to the entrance of the building.

30. Ms. Zuzow denied the request for a pregnancy related accommodation.

31. Approximately one month later Ms. Zuzow gave the parking space to her friend and former roommate Shane Moroski (white male).

32. In July 2015, the Plaintiff, still suffering from morning sickness, requested a reasonable accommodation, which was a temporary change in the start time of her shift.

33. Plaintiff's request was denied despite providing the Defendant with notes from her Doctor's office.

34. Paula Hornberger, the office administrator was consistently giving Plaintiff .5 tardiness points each time Plaintiff was late, despite Plaintiff's request for a shift change and providing the Defendant with notes from her doctor's office.

35. After disclosing her pregnancy and requesting an accommodation for her pregnancy related medical condition, Ms. Flemmings was subjected to additional scrutiny that other non-pregnant and non-black employees did not receive.

36. There was a campaign of harassment and discrimination whereby the Defendant pulled calls of Ms. Flemmings and then subjected Ms. Flemmings to employee write-ups for perceived infractions while other members of the call center (who were not black or pregnant) who engaged in the same or similar behavior did not receive similar write-ups or treatment.

37. On August 10, 2015, Olga Rivera was hired as the new manager and on August 14, 2015 the Plaintiff's employment was terminated.

38. The stated reasons for her terminations were pre-textual and created, post-hoc, after Ms. Flemmings disclosed her pregnancy and pregnancy related medical conditions and in retaliation for her having requested reasonable accommodations.

39. Ms. Flemmings was, at all times material hereto, qualified for her position, and other available positions with or without a reasonable accommodation.

40. Defendant discriminated against Ms. Flemmings because of her pregnancy, her pregnancy related medical condition and disability and her race and color and further retaliated against Ms. Flemmings because she sought a reasonable accommodation related to her disability.

## COUNT I
## DISCRIMINATION IN VIOLATION OF TITLE VII
## (PREGNANCY)

41. Plaintiff re-alleges and readopts the allegations contained in paragraphs 1-40 as if fully set forth herein.

42. Defendant discriminated against Plaintiff on the basis of her sex and her pregnancy and pregnancy related medical condition.

43. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights to be free from discrimination because of her sex/pregnancy under Title VII.

44. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

45. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter it, and others, from such conduct in the future.

46. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

## COUNT II
## VIOLATIONS OF THE ADA

47. Plaintiff re-alleges and readopts the allegations contained in paragraphs 1-40 as if fully set forth herein.

48. Plaintiff is a qualified individual under 42 U.S.C. § 12111(8) in that she has a pregnancy related disability and/or Defendant perceives her to have a disability, she has the requisite education and skills to perform and can perform the essential functions of her position, and either held or desired to hold a position with Defendant.

49. Defendant is an "employer" within the meaning of the ADA.

50. Plaintiff was a qualified employee.

51. Plaintiff engaged in protected activity under the ADA.

52. Defendant targeted plaintiff and treated her differently and worse than other employees after she disclosed her pregnancy related disability and requested a reasonable accommodation.

53. Additionally, Defendant terminated Plaintiff after she disclosed her pregnancy related disability and after she requested two reasonable accommodations.

54. Defendant terminated Plaintiff, in whole or in part, because of her pregnancy related disability and request for reasonable accommodation.

55. Defendant wrongfully terminated, discriminated against, harassed, failed to accommodate, and made Plaintiff endure a hostile work environment on the basis of her disabilities, real or perceived, in violation of the ADA and 42 U.S.C. § 12112.

56. Plaintiff has been damaged by Defendant's violation of the ADA and suffered damages, which include past and future wages and benefits, loss of professional opportunities, loss of reputation, loss of savings and benefits, emotional distress, mental pain and anguish, humiliation, inconvenience, loss of enjoyment of life, other non-pecuniary losses and caused irreparable harm for which there is no adequate remedy at law.

57. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably, injured Plaintiff, including but not limited to, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

58. The conduct of Defendant was so willful and wanton and in such reckless disregard of the statutory rights of Plaintiff so as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

59.     Plaintiff is entitled to any and all relief permitted under the ADA, 42 U.S.C. § 12117(a), including equitable relief.

## COUNT III
## RETALIATION, INTERFERENCE, COERCION AND/OR INTIMIDATION OF PLAINTIFF FOR EXERCISING RIGHTS UNDER THE ADA

60.     Plaintiff re-alleges and readopts the allegations contained in paragraphs 1-40 as if fully set forth herein.

61.     Title I of the ADA, 42 U.S.C. § 12111 requires that Defendant provide reasonable accommodations to otherwise qualified employees, such as Plaintiff, with pregnancy related disabilities.

62.     During the time Plaintiff was employed by Defendant, Plaintiff engaged in protected activity under the ADA.

63.     Plaintiff also opposed acts and practices made unlawful by the ADA including, but not limited to, failing to accommodate Plaintiff's disability, and/or subjecting Plaintiff to harassment, and/or discrimination on the basis of her pregnancy related disability.

64.     Defendant retaliated and discriminated against Plaintiff for engaging in said protected activity.

65.     During the time Plaintiff was employed by Defendant, she exercised and /or enjoyed rights granted and/or protected by the ADA, including, but not limited to, requesting and making use of reasonable accommodations for her pregnancy related disability.

66.     Defendant coerced, intimidated, and/or threatened Plaintiff on account of her having exercised and/or enjoyed rights granted and/or protected by the ADA.

67.     Defendant interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the ADA.

68. Defendant terminated Plaintiff's employment after she exercised a right afforded under the ADA.

69. Defendant received Plaintiff's two requests for a reasonable accommodation, and terminated Plaintiff shortly thereafter.

70. Under the ADA, the Defendant was legally obligated to refrain from retaliating against Plaintiff because of her requests for a reasonable accommodation in connection with her pregnancy related disability.

71. Under the ADA, Defendant was legally obligated to refrain from retaliating against Plaintiff because of her objection to illegal discrimination based on her disability.

72. Notwithstanding this obligation under the ADA, and in willful violation thereof, Defendant retaliated against Plaintiff because she disclosed her disability and requested two reasonable accommodations, a parking space closer to the entrance of the building and a temporary later start to her shift due to her morning sickness.

73. As a direct and proximate result of Defendant's retaliation, interference, coercion and/or intimidation in violation of the ADA, Plaintiff has suffered damages, which include past and future wages and benefits, loss of professional opportunities, loss of reputation, loss of savings and benefits, emotional distress, mental pain and anguish, humiliation, inconvenience, loss of enjoyment of life, other non-pecuniary losses and caused irreparable harm for which there is no adequate remedy at law.

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably, injured Plaintiff, including but not limited to, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. The conduct of Defendant was so willful and wanton and in such reckless disregard of the statutory rights of Plaintiff so as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

76. Plaintiff is entitled to any and all relief permitted under the ADA, 42 U.S.C. § 12117(a), including equitable relief.

## COUNT IV
## RETALIATION, INTERFERENCE, COERCION AND/OR INTIMIDATION OF PLAINTIFF FOR EXERCISING RIGHTS UNDER TITLE VII AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT

77. Plaintiff re-alleges and readopts the allegations contained in paragraphs 1-40 as if fully set forth herein.

78. Title VII of the Civil Rights of 1964 ("Title VII") forbids a covered employer to "discriminate against any individual with respect to... terms, conditions, or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e-2(a)(1). The Pregnancy Discrimination Act of 1978 (the "PDA"), amended Title VII to specifically prohibit sex discrimination on the basis of pregnancy and requires that Defendant provide reasonable accommodations to otherwise qualified employees, such as Plaintiff, with pregnancy related disabilities.

79. During the time Plaintiff was employed by Defendant, Plaintiff engaged in protected activity under the PDA.

80. Plaintiff also opposed acts and practices made unlawful by the PDA including, but not limited to, failing to accommodate Plaintiff's disability, and/or subjecting Plaintiff to harassment, and/or discrimination on the basis of her pregnancy related disability.

81. Defendant retaliated and discriminated against Plaintiff for engaging in said protected activity.

82. During the time Plaintiff was employed by Defendant, she exercised and /or enjoyed rights granted and/or protected by the PDA, including, but not limited to, requesting and making use of reasonable accommodations for her pregnancy related disability.

83. Defendant coerced, intimidated, and/or threatened Plaintiff on account of her having exercised and/or enjoyed rights granted and/or protected by the PDA.

84. Defendant interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the PDA.

85. Defendant terminated Plaintiff's employment after she exercised a right afforded under the PDA.

86. Defendant received Plaintiff's two requests for a reasonable accommodation, and terminated Plaintiff shortly thereafter.

87. Under the PDA, the Defendant was legally obligated to refrain from retaliating against Plaintiff because of her requests for a reasonable accommodation in connection with her pregnancy related disability.

88. Under the PDA, Defendant was legally obligated to refrain from retaliating against Plaintiff because of her objection to illegal discrimination based on her pregnancy related disability.

89. Notwithstanding this obligation under the PDA, and in willful violation thereof, Defendant retaliated against Plaintiff because she disclosed her pregnancy related disability and requested two reasonable accommodations, a parking space closer to the entrance of the building and a temporary later start to her shift due to her morning sickness.

90. As a direct and proximate result of Defendant's retaliation, interference, coercion and/or intimidation in violation of the PDA, Plaintiff has suffered damages, which include past

and future wages and benefits, loss of professional opportunities, loss of reputation, loss of savings and benefits, emotional distress, mental pain and anguish, humiliation, inconvenience, loss of enjoyment of life, other non-pecuniary losses and caused irreparable harm for which there is no adequate remedy at law.

91. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably, injured Plaintiff, including but not limited to, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

92. The conduct of Defendant was so willful and wanton and in such reckless disregard of the statutory rights of Plaintiff so as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

93. Plaintiff is entitled to any and all relief permitted under the PDA 42 U.S.C. § 2000e, including equitable relief.

## COUNT V
## TITLE VII CLAIM FOR RACE AND COLOR DISCRIMINATION

94. Plaintiff re-alleges and readopts the allegations contained in paragraphs 1-40 as if fully set forth herein.

95. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race and color discrimination/harassment under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

96. The discrimination/harassment to which Plaintiff was subjected to was based on her race and color.

97. After disclosing her pregnancy and requesting a reasonable temporary accommodation for her pregnancy related medical condition, Ms. Flemmings was subjected to additional scrutiny that other non-pregnant and non-black employees did not receive.

98. There was a campaign of harassment and discrimination whereby the Defendant pulled calls of Ms. Flemmings and then subjected Ms. Flemmings to employee write-ups for perceived infractions while other members of the call center (who were not black or pregnant) who engaged in the same or similar behavior did not receive similar write-ups, treatment or termination.

99. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

100. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

101. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

102. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KE'ANDRA S. FLEMMINGS, respectfully requests entry of:

    a. judgment in her favor and against Defendant for economic damages in whatever amount she is found to be entitled;

b. judgment in her favor and against Defendant for compensatory damages in whatever amount she is found to be entitled;

c. judgment in her favor and against Defendant for punitive damages in whatever amount she is found to be entitled;

d. judgment in her favor and against Defendant for an award of interest, costs and reasonable attorneys and expert witness fees;

e. judgment in her favor and against Defendant for other monetary damages, equitable relief, declaratory relief, and any and all further relief that this Court determines to be just and appropriate or available pursuant to statutes cited herein or otherwise.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 4th day of February 2020.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

s/ *Paul M. Botros*
Paul M. Botros, Esq.
FL Bar No.: 063365
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: 954-327-5352
Fax: 954-327-3017
E-mail: pbotros@forthepeople.com

*Trial Counsel for Plaintiff*